UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | | |
|---|---|---|
| **HATCHER HILL II, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. ____________________** |
| | ) | |
| **JCM KENTUCKY CYCLE, LLC, MICHAEL D. OLANDER, JR. and JOHN G. JANSZEN** | ) ) ) | **Removed from the Knox County Chancery Court, No. 200401-3** |
| | | |
| **Defendant.** | | |

**DEFENDANT JOHN G. JANSZEN'S NOTICE OF REMOVAL**

Defendant, John G. Janszen ("Mr. Janszen" or "Defendant"), by and through undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Chancery Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Northern Division on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As grounds for the Notice of Removal, Defendant states as follows:

## I. PROCEDURAL BACKGROUND

1. On June 17, 2020, Plaintiff, Hatcher Hill II, LLC, filed a complaint against JCM Kentucky Cycle, LLC, Michael D. Olander, Jr., and John G. Janszen (collectively "Defendants") in the Chancery Court for Knox County, Tennessee, now pending as Civil Action No. 200401-3. The Chancery Court for Knox County, Tennessee is a state court within this judicial district and division.

2. JCM Kentucky Cycle, LLC was served with a copy of the summons and complaint on June 23, 2020. Michael D. Olander, Jr. was served with a copy of the summons

and complaint on July 15, 2020. Mr. Janszen was served with a copy of the summons and complaint on July 3, 2020. ***See Collective Exhibit 1*** (Service Returns filed with the Chancery Court for Knox County, Tennessee). Therefore, this notice of removal is timely filed within thirty (30) days of service of the summons and complaint. *See* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."); *Gaynor v. Miller*, 205 F. Supp. 3d 935, 940 (E.D. Tenn. 2016) ("the plain reading of § 1446(b)(2)(C) does not require such consent to be filed within thirty days").

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Mr. Janszen in the state court action are collectively attached hereto as ***Exhibit 2***. Attached hereto as ***Exhibit 3*** is a complete copy of the papers filed in the Knox County Chancery Court in this action as of 11:00 am on July 30, 2020.

## II. GROUNDS FOR REMOVAL

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Generally.--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. The parties here are citizens of different states, and, as determined by 28 U.S.C. § 1446(c), the amount in controversy in this case is greater than $75,000.

**A. Citizenship of the Parties**

7. There is complete diversity of citizenship between the Plaintiff and Defendants. Plaintiff, Hatcher Hill II, LLC, is a Tennessee limited liability company with its principal place of business located in Knox County, Tennessee. The complaint makes no allegation of the citizenship of any members of Plaintiff. *See* ***Exhibit 3***, Complaint.

8. For purposes of determining whether diversity jurisdiction exists, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)). Undersigned counsel has conducted a search of publicly available information. Upon information and belief, the members of Hatcher Hill II, LLC are Timothy M. Hill and Mike Hatcher who are believed to be citizens and residents of Knox County, Tennessee. The publicly available website for Hatcher-Hill Properties, LLC[1] states that it was "[f]ounded by Knoxvillians Mike Hatcher and Tim Hill." *See* ***Exhibit 4***

---

[1] Upon information and belief, Hatcher-Hill Properties, LLC, and Hatcher Hill II, LLC, are related entities with the same ownership.

(Hatcher-Hill Properties, LLC website).[2] The publicly available information for Plaintiff indicates that Plaintiff has two members. *See* ***Exhibit 5*** (Hatcher Hill II, LLC Filing Information obtained from the Tennessee Secretary of State). Upon information and belief, the members of Hatcher Hill II, LLC are not citizens and residents of Ohio or North Carolina. Therefore, Hatcher Hill II, LLC appears to have the citizenship of Tennessee.

9. Defendant, JCM Kentucky Cycle, LLC, is a two member limited liability company. The members are John G. Janszen and Michael D. Olander, Jr. John G. Janszen is a citizen and resident of Ohio. Michael D. Olander, Jr., is a citizen and resident of North Carolina. Therefore, JCM Kentucky Cycle, LLC has the citizenship of Ohio and North Carolina. *See Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc*., 53 F. App'x 731, 732–33 (6th Cir. 2002)).

10. Defendant, Michael D. Olander, Jr., is alleged in the complaint to be a citizen and resident of North Carolina. *See* ***Exhibit 3***, Complaint.

11. Defendant, John G. Janszen, is alleged in the complaint to be a citizen and resident of Kentucky, but he was served in Cincinnati, Ohio, and is a citizen and resident of Ohio. *See* ***Exhibit 1***, Returns of Summons; ***Exhibit 3***, Complaint.

12. Because Plaintiff is, upon information and belief, a citizen of Tennessee and Defendants are citizens of Ohio and North Carolina, removal of this case is proper. *See* 28 U.S.C. §1441(b)(2).

**B. Amount in Controversy**

13. As required by 28 U.S.C. §§ 1332(a) and 1446(c), the amount in controversy in this action exceeds $75,000.

[2] *See also* http://www.hatcherhill.com/, last accessed on July 30, 2020.

14. Plaintiff's complaint seeks damages for breach of contract, possession of property, attorneys' fees, costs, and expenses. *See **Exhibit 3***, Complaint at p. 2. Plaintiff's complaint does not set forth an amount in controversy. *See **Exhibit 3***, Complaint.

15. In 2011, Congress amended § 1446(c) and codified the defendant's right to assert the amount in controversy in the notice of removal. In cases such as this, where the plaintiff does not demand a sum in good faith in the initial pleading, the defendant may assert an amount in controversy in the notice of removal. 28 U.S.C. § 1446(c) ("[T]he notice of removal may assert the amount in controversy if the initial pleading seeks ... (i) nonmonetary relief").

16. Because Plaintiff's complaint does not set forth an amount in controversy, and possession of property, or nonmonetary relief, is sought, Defendant may properly assert the amount in this Notice of Removal, and may also submit evidence to establish that amount. This Court may also take into account an analysis of Plaintiff's claims in light of "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010). An examination of Plaintiff's claims shows that the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Defendant avers that the extensive build out and improvements made to the leased premises, which will be lost if possession is ordered to Plaintiff, exceeds the sum or value of $75,000, exclusive of interest and costs. The Lease Agreement also provides an Option Term Addendum, under which the tenant could exercise an option to possess the leased premises for an additional ten (10) years. *See **Exhibit 3***, Complaint, Ex. A, p. 22. The terms of the Lease Agreement, taken as a whole, establish that the amount in controversy in this action where Plaintiff seeks possession as a form of nonmonetary relief, exceeds the sum or value of $75,000, exclusive of interest and costs. *See id.*

18. “[T]he value of possession of the Property, and not the fair market value of the Property, is the proper basis on which to determine whether this case meets the minimum jurisdictional limit.” *Fed. Nat. Mortg. Ass'n v. Phomphakdy*, 2014 WL 710443, at *2 (S.D. Tex. Feb. 19, 2014). In this instance, the Lease Agreement at issue has a term that expires in June 2027 and the monthly minimum rent due is $6,046.00 in years 1-5 and $6,650.60 in years 6-10. *See* ***Exhibit 3***, Complaint, Ex. A, p. 21. The minimum annual base rent is $72,552.00 in years 1-5 and $79,807.20 in years 6-10. *See id.*

19. Defendant avers pursuant to 28 U.S.C. § 1446(c) that the value of possession of the property at issue in this case is in excess of $75,000, exclusive of interest and costs. Plaintiff’s complaint further seeks the award of attorneys’ fees and damages for breach of contract.

20. Based on the above, Defendant asserts that the evidence establishes that the amount in controversy in this case is in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(A). The jurisdictional amount in this matter is met, and the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, 1441, and 1446. Thus, removal is proper.

## III. CONSENT OF CO-DEFENDANTS

21. Pursuant to 28 U.S.C. § 1446(b)(2)(A), JCM Kentucky Cycle, LLC and Michael D. Olander, Jr. consent to the removal of this case from the Chancery Court for Knox County, Tennessee to the United States District Court for the Eastern District of Tennessee, Northern Division. *See* ***Exhibit 6*** (Consent to Removal by JCM Kentucky Cycle, LLC); ***Exhibit 7*** (Consent to Removal by Michael D. Olander, Jr.). Therefore, all defendants who have been joined consent to the removal of this action.

## IV. JURISDICTIONAL REQUIREMENTS

22. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

23. Defendant hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. § 1446(d). Defendant is also filing a Notice of Removal with the Clerk of the Chancery Court of Knox County, Tennessee as provided by law.

24. Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

25. To the extent that remand is sought, or that diversity jurisdiction is otherwise examined by this Court, Defendant respectfully requests an opportunity to submit additional evidence, to further brief, take appropriate discovery, and to submit oral argument in support of this Notice of Removal.

## V. NON-WAIVER OF DEFENSES

26. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to the Federal Rules of Civil Procedure, a motion to transfer pursuant to 28 U.S.C. § 1404(a), or any other challenge that may be appropriate as this case progresses.

**WHEREFORE**, Defendant respectfully gives notice of its removal of this action to this Court and prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Chancery Court for Knox County, Tennessee to the United States District Court for the Eastern District of Tennessee, Northern Division.

Respectfully submitted this 30th day of July, 2020.

WOOLF, MCCLANE, BRIGHT, ALLEN
& CARPENTER, PLLC

/s/ Dean T. Howell
Dean T. Howell (BPR #022130)
C. Gavin Shepherd (BPR No. 033066)
Post Office Box 900
Knoxville, Tennessee 37901-0900
(865) 215-1000
dhowell@wmbac.com
gshepherd@wmbac.com

*Attorneys for Defendant John G. Janszen and JCM Kentucky Cycle, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for the parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

Joshua B. Bishop
4820 Old Kingston Pike
Knoxville, TN 37919

Michael D. Olander, Jr.
3329 Granville Drive
Raleigh, NC 27609

This the 30th day of July, 2020.

/s/ Dean T. Howell
Dean T. Howell (BPR #022130)